2020-0000081
Patrina Harrison
650 Eddy Street No. 207
San Francisco, CA 94109
(415) 567-8182 | (415) 567-8182
harrisonempa@gmail.com

**FILED**

SEP 1 3 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTIRCT OF CALIFORNIA

SAN FRANICSCO DIVISION

CV21   7072

PATRINA HARRISON,

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANICSO,

Case No.: _____

INITIAL COMPLAINT
BENCH TRIAL DEMANDED

KAW

1

INITIAL COMPLAINT FOR DAMAGES

**Plaintiff Harrison, Hereby Complaints and Allege as follows:**

I.  **THE PARTIES**

1. **(Plaintiff)** Patrina Harrison, a Negro, a member of a protected class who attempted to contract for police services, through the City and County of San Francisco Police Department. Plaintiff Harrison was denied the right to contract for those services, and such services remained available to similarly-situated white individuals who were not members of Plaintiff's protected class.  Here, Plaintiff Discovered she was injured on November 12, 2020, when she was not entitled to receive victim witness assistance funding for her injuries, and time loss from work, because a citizen's arrest was denied, whereas defendant was not arrested. Because of this denial, Plaintiff suffered emotional distress and economic injuries.

2. **(Defendant)** City and County of San Francisco, or ("THE CITY") is a municipal entity, existing under the laws of the State of California, with the capacity to sue and be sued.

3. **(Defendant)** City and County of San Francisco, or ("THE CITY") is part of a "program or activity receiving federal financial assistance" within the meaning of Title VI.

**II. JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C.Sections1331; 13341367; 2201 and 2202. Venue is proper in this jurisdiction because the acts and omissions complained of herein occurred in the City and County of San Francisco, Northern District of California.

2

INITIAL COMPLAINT FOR DAMAGES

5.  Plaintiff asserts the claims herein pursuant to 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964 Section 601, 42 U.S.C. Section 2000d, 42 U.S.C. 1981

### III. INTRADISTRICT ASSIGNMENT

6.  A substantial part of the events or omissions that give rise to the claims asserted herein occurred in the City and County of San Francisco, and a substantial part of the property that is the subject of this action is situated in the City and County of San Francisco.

### IV. FACTUAL ALLEGATIONS

7.  On December 24, 2019,

While Shopping at Whole Foods Market California Inc, located at 1765 California Street, San Francisco, California, Plaintiff was beaten and expelled from the grocery store by the store manages for accepting an offer of a store rebate from the meat department and deli department managers.  November 12, 2020, Plaintiff Harrison was denied victim assistance due to Defendant violating Plaintiff Harrison's constitutional rights and other federal right, and Plaintiff was injured, suffering concrete and particularized damages.

8.  On December 24, 2019,

Plaintiff Harrison called 911 and requested a police dispatch to take a police report and to make a citizen's arrest. The police arrived, while acting under the *color of state law,* and informed Plaintiff Harrison that they would request to see the store

3

INITIAL COMPLAINT FOR DAMAGES

security video footage, necessary to see if Plaintiff Harrison was in fact beaten by the store manage.

9. On December 24, 2019,

*While acting under color of state law*, the police exited Whole Foods Market California Inc, and informed Plaintiff that they verified Plaintff's claims of being beaten by the store manage from the store security video footage, but Plaintff Harrison could not make a citizen's arrest because of her race, that is being a Negro, and that the City and County of San Francisco does not allow for Negro races to have white citizens arrested, and that is per City And County of San Francisco's Municipal Policy.

10. On December 24, 2019,

The police then dispatched for an ambulance for the care and treatment of the injuries suffered by Plaintiff Harrison from the beating suffered from the store manager of Whole Foods Market California Ins.

11. on October 9, 2020, a claim against the City And County of San Francisco, was filed and denied on October 12, 2020.

12. On December 24, 2019,

"but for" Plaintiff Harrison being denied her constitutional and federal right to make a citizen's arrest, or to make and enforce a contract with San Francisco Police Department, Plaintiff Harrison has suffered physical, emotion, mental and economic injuries, and seeks an award of $3,000, 000.000. in damages.

4

INITIAL COMPLAINT FOR DAMAGES

## V. CAUSE OF ACTION:

## FIRST CASUE OF ACTION:

## 42 U.S.C § 1983 And Equal Protection Clause.

## (AGAINST CITY AND COUNTY OF SAN FRANCISCO

13. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as though set forth fully herein.

14. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal right by persons action under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). And, the United States Constitution "protects individual rights only from government action, not from private actions." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). See Owens v. Okure, 488 U.S. 235 (1989). Here, the statute of limitations started to run on November 12, 2020, pursuant to California Personal Injury Statute.

15. On December 24, 2019,

When San Francisco's Police Officers, while serving under the color of state law, denied Plaintiff the right to make a citizen's arrest, per municipal policy of the City And County of San Francisco, on the basis of Plaintiff Harrison's race, Negro, Defendant City And County of San Francisco violated Plaintiff Harrison's constitutional and other federal civil rights. November 12, 2020, Plaintiff Harrison was denied victim assistance

5

INITIAL COMPLAINT FOR DAMAGES

due to Defendant violating Plaintiff Harrison's constitutional rights and other federal right, and Plaintiff was injured, suffering concrete and particularized damages.

16. "but for" The City And County of San Francisco's Discriminatory Policy, Plaintiff Harrison would not have suffered injuries, and concrete and particularized damages. Therefore, Defendant is the actual cause of Plaintiff's injuries.

17. It was foreseeable that Plaintiff was going to suffer injuries, and concrete and particularized damages by having her constitutional and other federal rights violated. Therefore, Defendant is the actual and proximate cause of Plaintiff's injuries.

18. Plaintiff seeks a favorable award of damages of $3000,000,000.00.

## SECOND CASUE OF ACTION:
## (AGAINST CITY AND COUNTY OF SAN FRANCISCO)
## SECTION 601 OF THE CIVIL RIGHTS ACTO OF 1964 TITLE VI.

19. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as though set forth fully herein.

20. Section of the Civil Rights Act of 1964, 42 U.S.C. § 2000d states that "No person in the United States shall, on the ground of race, color, gender or national origin, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

21. On December 24, 2019,

When San Francisco's Police Officers, while serving under the color of state law, denied Plaintiff the right to make a citizen's arrest, per municipal policy of the City And

6

INITIAL COMPLAINT FOR DAMAGES

County of San Francisco, on the basis of Plaintiff Harrison's race, Negro, Defendant City And County of San Francisco violated Section 601 of the Civil Rights Act of 1964. November 12, 2020, Plaintiff Harrison was denied victim assistance due to Defendant violating Plaintiff Harrison's constitutional rights and other federal right, and Plaintiff was injured, suffering concrete and particularized damages.

22. "but for" The City And County of San Francisco's Discriminatory Policy, Plaintiff Harrison would not have suffered injuries, and concrete and particularized damages. Therefore, Defendant is the actual and proximate cause of Plaintiff's injuries.

23. It was foreseeable that Plaintiff was going to suffer injuries, and concrete and particularized damages by having her constitutional and other federal rights violated. Therefore, Defendant is the Proximate cause of Plaintiff's injuries.

24. Plaintiff seeks a favorable award of damages of $3000,000,000.00.

## THIRD CASUE OF ACTION:

## (AGAINST CITY AND COUNTY OF SAN FRANCISCO)

## 42 U.S.C § 1981

25. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as though set forth fully herein.

26. Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 475 (2006). While Section 1981 applied to both public and "purely privates acts of racial discrimination," it "reaches only purposeful discrimination." Nat'l Ass'n of African Am.

7

INITIAL COMPLAINT FOR DAMAGES

-Owned Media v. Charter Commc'ns, Inc., 915 F.3d 617, 622 (9th Cir. 2019) (internal citations and quotations omitted) (emphasis in original).

27. " in order to evaluate claims of intentional discrimination where intent itself is generally impossible to prove," our court of appeals applies the McDonnell burden-shifting framework.

28. Here, when Plaintiff, a Negro, attempted to contract for the services of making a citizen's arrest, and was denied the right to contract for those services," and such services remained available to similarly-situated white individuals who were not members of the Plaintiff's protected Class" this show that a claim for Section 1981 exists.

29. On December 24, 2019,

When San Francisco's Police Officers, while serving under the color of state law, denied Plaintiff the right to make a citizen's arrest, per municipal policy of the City And County of San Francisco, on the basis of Plaintiff Harrison's race, Negro, Defendant City And County of San Francisco violated Section 601 of the Civil Rights Act of 1964. November 12, 2020, Plaintiff Harrison was denied victim assistance due to Defendant violating Plaintiff Harrison's constitutional rights and other federal right, and Plaintiff was injured, suffering concrete and particularized damages.

30. See Lindsey v. SLT L.A., LLC, 447 F.3d 1138, 1145 (9th Cir. 2006) (setting forth elements of a 42 U.S.C. § 1981 claim in a non-employment context).

8

INITIAL COMPLAINT FOR DAMAGES

31.  "but for" The City And County of San Francisco's Discriminatory Policy, Plaintiff Harrison would not have suffered injuries, and concrete and particularized damages. Therefore, Defendant is the actual cause of Plaintiff's injuries.

32.  It was foreseeable that Plaintiff was going to suffer injuries, and concrete and particularized damages by having her constitutional and other federal rights violated. Therefore, Defendant is the Proximate cause of Plaintiff's injuries.

33.  It was foreseeable that Plaintiff was going to suffer injuries, and concrete and particularized damages by having her constitutional and other federal rights violated. Therefore, Defendant is the Proximate cause of Plaintiff's injuries.

## VI. ISSUE STATEMENT

34.  pursuant to 42 U.S.C. §1983, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964 Section 601, 42 U.S.C. Section 2000d, 42 U.S.C. 1981, can Defendant City And County of San Francisco violate Plaintiff Harrison's Constitutional and Federal Rights Because she is Negro?

## VII. DEMAND FOR JUDGMENT

35.  WHEREFORE, Plaintiff prays for judgment against Defendant City And County of San Francisco as FOLLOWS:

1.  Injunctive/equitable relief in the manner to be determined by law; Cal. Civ. Code Sections 54(a). 51 Cal. Civ. Code Section 54.1 (a)(1).

2.  Damages Award of $3,000,000.000.00.

3.  Such other and further relief as this Court deems just and proper.

9

INITIAL COMPLAINT FOR DAMAGES

Dated: 09/13/2021          By: /s/ Davrin Harrison

10

INITIAL COMPLAINT FOR DAMAGES