UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 21-cv-07072-JD<br><br>**ORDER RE MOTION TO DISMISS** |

    Pro se plaintiff Patrina Harrison has sued defendant City and County of San Francisco over an incident at a supermarket in December 2019. Dkt. No. 1. Harrison says that she was attacked by a store manager, and that the SFPD declined to help her make a citizen's arrest because "the City and County of San Francisco does not allow for Negro races to have white citizens arrested, and that is per City and County of San Francisco's Municipal Policy." *Id.* ¶ 9. Harrison alleged civil rights claims under 42 U.S.C. §§ 1981, 1983, and 2000d. San Francisco has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 12. Dismissal is granted.

    As a pro se plaintiff, Harrison gets a liberal construction of her complaint and the benefit of any doubts, but she still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015). The complaint alleges a single incident of unconstitutional conduct, which is not enough to plausibly state a Section 1983 claim against San Francisco for a policy or practice of discrimination. *See Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127-29 (N.D. Cal. 2021). The same holds for Harrison's other claims. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215-16 (9th Cir. 1996) (municipality liable under § 1981 only for a violation caused by an official "policy or custom");

*United States v. Cty. of Maricopa, Arizona*, 889 F.3d 648, 652-53 (9th Cir. 2018) (applying § 1983 standards to § 2000d).

Although it is the Court's practice to liberally grant leave to amend, especially in pro se cases, amendment here is not warranted. Harrison filed the complaint in September 2021, approximately 21 months after the December 2019 incident, and was not able to include any facts that might plausibly allege a policy or practice for purposes of the civil rights claims. In addition, there is no federal constitutional right to make a citizen's arrest, and to the extent the alleged incident might be said to have violated California state law, that cannot be the basis of a federal civil rights claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Consequently, the complaint is dismissed with prejudice. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). The case is ordered closed, and no further filings will be accepted without prior approval by the Court.

**IT IS SO ORDERED.**

Dated: June 1, 2022

_____
JAMES DONATO
United States District Judge